Our fifth case for this morning, United States v. Michael Feterick Good morning. May it please the court, I'm Peter Henderson here on behalf of Michael Feterick. There were a couple of procedural errors in this case in imposing this condition. The most obvious one I think is that the district court relied on a misreading of Mr. Feterick's drug history, and as we've contended, that was a significant error. If somebody has recently used cocaine on a number of occasions, that maybe provides more support for the conclusion that he's a drug addict, that he needs help. Marijuana, on the other hand, is a much different substance in today's age. So we think that that's a big procedural error. The other procedural error was that I think the district court didn't adequately explain why drug treatment, as opposed to drug testing, was necessary for Mr. Feterick. So let me ask you a question about that part of your argument. The cocaine mistake seems like a serious one, but we always have this problem with supervised release. Here's the judge sitting there looking at the person. They're not going to emerge from prison for another 10 years, or 15 years, or 20 years. Why is it a sensible system for us to insist that the district judge go beyond just saying, you know, upon release, you have to participate in drug treatment if the probation officer reviewing the drug tests thinks that that's appropriate? It seems to me that's flexible, as opposed to saying, you know, I, I'm the all-knowing person, and I know that in 15 years you're going to need drug treatment, and it's going to need to be inpatient, and it's going to need to be this. The judge doesn't know all of that. So, so why should we have a rule that requires the judge, let's say, to put in the maximum possible, you're going to have to do a year of inpatient drug treatment unless the probation office decides that less than that is all right. I mean, that seems like a very bad system to me. No, I absolutely agree with that. And our position is that when you're imposing conditions for future events that are going to be contingent on what your status is at that time, you should build in flexibility. Now the way that, you can't build in flexibility by delegating that authority to the probation office to say, if the probation office thinks it's appropriate in the future, they can then order drug treatment. Why isn't that sensible in that it's the probation office at the point in time we're talking about that's going to know the most about this individual? The person will have completed prison with whatever kind of record they completed prison with. They'll either be cooperating with their probation officer or they won't. You know, it's just, it seems like that's where the expertise is. Right. I think we agree on that. I think maybe the mechanism is what we disagree on. Okay. So how do you, you don't want anything to be in there and you want the probation office to have to go back to the district court to impose a new condition? Is that it? What I want is at the time of sentencing, I don't want the district court to impose conditions that will involve a greater deprivation of liberty than is reasonably necessary. That's what the statute says. But I want the flexibility, which is built into the statute, to allow if conditions are right in the future, that the district court can impose that condition. So for example, what the district court might have done here is say, I'm, you know, given your history, you need drug testing. That's a mandatory condition. I'm not going to suspend it for you. And maybe put in a conditional so that the probation office doesn't have unfettered discretion, but say, if Mr. Federick misses a drug test, if Mr. Federick produces a positive drug test, then I order the probation office shall, you know, choose the appropriate treatment subject to my review. Do they have to say, does the judge have to say inpatient or outpatient? Because obviously inpatient is a greater deprivation of one's liberty. If you're told, you know, it's a condition of supervised release, you've got to go to the drug rehab center and live there for two months, that's a deprivation of liberty. I think it should. I'm not sure that cases thus far have split that fine a difference between substance abuse treatment that's outpatient and inpatient. Because I actually think that would be very hard for the judge to do unless we had this authorize the max and let it get relieved by the probation office, which we do with a number of drug tests. They'll say up to 104 a year or something like that. But if the probation officer thinks once a month is all right, it could be as low as 12 in a year. Right. And I think that's exactly why this court for the last three or so years has said, let's take a look at these conditions and realize they're flexible. Let's realize that the probation officer can always go to the judge, can always talk with the releasee who's under supervision and say, it looks like you're having a problem with this. I think that we need to address that problem. So if there's a drug problem, if there's mental health issues, things like that, here's what I propose and here's what I'm going to ask the judge to do. But I guess what is driving the government, maybe I'm wrong, I'll ask them, is how many times does the probation officer have to go back to the court to get a court day and how much can the probation office just do in the exercise of its own responsibilities? So I think that treatment programs themselves, to keep it centered on this case, are things that involve a significant enough deprivation of liberty. Even an outpatient one? I think so. Because what a lot of people who are coming out on supervised release are encountering is maybe for the first time in their lives, they're working, they're trying to have a schedule, they're trying to fit in family. And with these conditions, even just a requirement that you appear at this time for this many hours every week can impose significant burdens on that person. Yeah, but supervised release, there's a big tradeoff about putting in hard prison time. Sure. So the very fact that you've been granted supervised release carries with it a much lighter imposition of deprivation of liberty, right? Oh, absolutely. Yeah, so if we keep pushing the question of supervised release and its, as you might suggest, burdens on freedom, aren't we driving a judge to maybe start to look harder at more prison time? I hope not. Well, but that's, the arguments we continue to hear on this area seem to suggest to me that you may be injuring the prospect for the granting of supervised release. Yeah, I think that judges, I guess I have two responses. I think that judges, and I may be wrong about this, really look at the prison term a little bit differently than supervised release. They obviously are required to consider them together. But for example, after the Sentencing Reform Act of 1984 was passed and we have this new thing called supervised release, you don't see the sentences go down. You don't say, well, all right, I know now that I'll have some post-incarceration supervision. The sentences went up, the prison sentences. So I don't think that judges are thinking, I'm going to reduce the prison sentence for supervised release. At least what I see from my perspective is judges are saying, here's the prison sentence, and now how much supervised release do I need? But you're right. We may be playing with fire a little bit. Again, my experience would suggest that supervised release is an add-on. It's not a substitute for judges. But when . . . Save yourself some time. I will. Thank you, Your Honor. All right. Thank you, Mr. Henderson. Mr. Peterson. May it please the Court, my name is Joseph Peterson. I represent the United States in this matter. The fairest reading of the record in this case shows that the District Court accurately described the defendant's prior substance abuse history. I was very surprised to see the government saying that. Because when you look at what the judge actually said, there's no possible way that I can read it as anything but that the judge thinks that he's used cocaine after his mother's death. And he hadn't. The cocaine use was long before that. And that's a pretty big mistake. Cocaine is a very dangerous, you know, highly criminalized drug, marijuana, even in the U.S. Code. Far less punitively treated, particularly personal use quantities. So I found this a very troubling mistake. He says he's used marijuana occasionally from 1997 to 2004. Okay, fine. And after his mother's death, he's recreationally used cocaine, period, close quote. That seems as clear as a bell to me. And it's a mistake. Well, Your Honor, when it's read that way, I agree. But when the judge said that, the judge did not object. That doesn't make it true. Well, if it's read, he used marijuana occasionally from 1997 to 2004 and after his mother's death. Why shouldn't we send this back and let him do it again? That's certainly within the power, obviously. I know it is. Just tell me why we should. Because I don't think the district court made a mistake. Well, but look, your own appendix, pages 73 and 74, is where the actual transcript is. I'm not paraphrasing. The bottom of 73 it begins, but he's abused prescription drugs in the past, period. Now we're at the top of 74. I know that he kept his girlfriend's drugs and paraphernalia in his hotel room. He's used marijuana occasionally from 1997 to 2004, comma, and after his mother's death, he's recreationally used cocaine, period. This kind of history is enough for me to require him to undergo testing. So I'm reading the transcript. He made a mistake. It's not a crime to make a mistake. If you're a judge, they have a lot of stuff, but maybe we need to redo it. And that would be fine, Your Honor, but if you, yes, if you take that statement, and again, what I was trying to explain was that when it was said, I don't know that there was a comma after 2004, and maybe there should have been a period after his mother's death, because in the whole of the record, there's a two-page discussion in the transcript, page 38 through 40, where the defense specifically objected to the statement in the pre-sentence report regarding the term of his marijuana use, because the pre-sentence report initially stated that he started using marijuana in his early 20s until 2014. His defense counsel objected, and the district court then corrected the pre-sentence report to indicate that he only had used it through 2004, and then started up using marijuana again in 2014 after his mother's death. No, I understand that. It's just this has nothing to do with commas. It's, you know, after his mother's death, he's recreationally used cocaine. I cannot, for the life of me, make those words say 20 years ago, before his mother's death, he used cocaine for a while. It just doesn't work. But it, I mean, it could also have been read, he's used marijuana occasionally from 1997 to 2014, and after his mother's death, which is, the judge understood previously in the hearing, because of the objection that the defense made to the pre-sentence report in the correction, and the judge stated, okay, so he only used it through 2004. Earlier in the sentencing hearing, the judge understood that he used marijuana from 1997 to 2004. But, you know, you can confuse these cases. Honestly, you know, with the number of cases this judge sees, you know, it's like, are you the guy who did the cocaine deal in the Walmart parking lot? Are you the, you know, person who was at a Starbucks? The details can get lost, and as I said, it's not being critical of the judge, but it just looks like a mistake. You're defending him nobly. You are. I can't see any purpose to it, though. And my point of the objection, though, is that if you look at the record, defense counsel made objections to numerous facts. So the defense counsel missed the chance to object. He didn't do it. Or he didn't think it was a mischaracterization of the record. Well, talk to me a little bit about the testing point. Actually, not the testing. The testing everybody seems to understand is fine, but the drug treatment condition of supervised release. Explain why we think it was warranted. Right. Well, and why it shouldn't be handled in a way that would provide the right guidance from the district court to begin with, those things that are not delegable to probation, while maintaining the right flexibility, as Mr. Henderson has argued. Well, I think the way the district court imposed the condition at the discretion of the probation officer is appropriate and will result in the least Is that okay? I mean, you know, we've gone through this long thing several years back about not delegating to the district court the number of drug tests that the statute imposes that responsibility on the judge. So why isn't the same thing? Because it provides flexibility for the probation officer to The same thing could have been said of drug tests. In fact, maybe the statute should be written differently. But, you know, we have to deal with the statute as it's written. Well, the district court imposed the condition to require him to submit to substance abuse treatment if the probation officer deemed it was necessary. And we can presume that the probation officer is going to act reasonably in requesting substance abuse treatment. At the time that the defendant was sentenced, he had a history of drug abuse and the district court imposed the condition of substance abuse treatment based on that. But at the time the defendant's released, he may have gone through some programs in prison. He may no longer have any Sure, no, that's the whole point. The probation officer will not order him to complete it. But you've got decisions such as the Second Circuit's decision in the Mata case, which vacated something very much like this, a condition saying the defendant shall participate in an outpatient and or inpatient drug treatment or detoxification program approved by the U.S. Probation Department. Threw it out. Said that was too much discretion for the probation people. Something similar in the Ninth Circuit. Something not too different in the Tenth. Well, I guess if the condition would not be at the discretion of the probation officer, I guess that would result in a greater deprivation of, possible greater deprivation of liberty because Or the judge says nothing about it and just imposes the testing requirement. And then if the probation office starts to see too many positive tests, obviously they can go back to the district court and say, this guy needs, you know, an uptick. You know, please order a treatment program. They could certainly do that, right? Yes. Yeah. So I guess the question is, is that a better way to structure it in light of the requirement not to impose more than is necessary? Well, that's, as the court pointed out earlier, that is somewhat the difficulty with imposing supervised release conditions that are going to be imposed when the defendant's released some years later. But that's why I think the condition as written, giving the probation officer discretion would, if the defendant no longer needs drug abuse treatment at the time they've completed their prison term, then at that time the probation officer does not need to recommend it. And if it is recommended, then the defendant doesn't think it's necessary. He can move to modify the conditions at that point. And in this case, we believe that the judge acted within his discretion when he imposed this condition and no remand is necessary. We'd ask that you affirm the conviction or the sentence. Thank you. Thank you. Anything further, Mr. Henderson? Just briefly, I think it's clear the remedy that we've requested is to vacate the condition and not the entire sentence. I know that's sometimes been in dispute over the past few years, but we just want this condition vacated. Well, this sentence for robbing banks is pretty light. We're not disputing the sentence. That might be why it's requested. Yeah, Willie Sutton would have loved this sentence. Exactly. And I mean, this was, you know, the coffee cup bandit. You know, this was not your sort of violent bank robberies. But what I might suggest, Mr. Federick is set to be released at the end of next year. In terms of judicial efficiency, I think it makes sense to just strike the condition rather than have a hearing, you know, a year before he's going to be released anyway. Just tell the district court when he gets out, if you think this, you know, condition is appropriate, justify it at that point, but otherwise strike the condition for now. So you'd leave it to the probation officer at the end of the custody to come before the judge and make that request? Yes, I would. And I think the probation officer would have to justify why in 2018 it's appropriate. Thank you. All right. Thank you. Thanks to both counsel. We'll take the case under advisement.